THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE NESBITT, Defendant-Appellant.

First District (1st Division) No. 76-533

Opinion filed June 6, 1977.

James J. Doherty, Public Defender, of Chicago (William F. Krahl, Jr., and Gail Moreland, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Paul Benjamin Linton, and Neil G. Dorfman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

Following a jury trial in the Circuit Court of Cook County defendant Eugene Nesbitt was convicted of the charge of murder and sentenced to serve a term of 15 to 25 years in the penitentiary. Defendant appeals, contending that he was denied his right to a speedy trial (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)).

The facts of this case are not in dispute. On October 26, 1973, the defendant encountered his wife sitting in a booth with another man in a restaurant on the south side of Chicago. Defendant had seen his wife briefly between October 5 and October 26. During the course of a conversation between the parties, defendant pulled out a knife and slashed his wife's throat. Thereafter defendant was charged as aforesaid. The record reflects that the case was continued by agreement until February 24, 1974, when the defendant demanded trial. Subsequently, the case was continued to April 16 on motion of the People, and to May 26 by order of court. On May 29, the case was again continued by order of court until June 10, 1975. Later that day, the People moved to advance the defendant's trial to June 3, 1975. Notice was sent and all parties were apprised of the advancement. On June 3, 1975, the Assistant State's Attorney related a telephone conversation between himself and defendant's counsel, Constantine Xinos. During the conversation, Mr. Xinos indicated he would be unavailable for trial on June 3 and requested a continuance until June 4, 1975. When the defendant did not agree to the continuance requested by his counsel, the court adjourned to personally contact Mr. Xinos. Thereafter the court continued the case to June 4, 1975, on motion of the defendant. On June 4 defense counsel moved for a continuance to ascertain the defendant's fitness to stand trial. Mr. Xinos stated that he had been the defendant's attorney for about one year and that it was his considered opinion that the defendant at times lost touch with reality. This condition manifested itself in the defendant's inability to cooperate with counsel. Specifically, defendant would not discuss the facts of the case with counsel nor would he authorize counsel's filing of certain motions. The court granted the defense motion. On June 24, 1975, a report of the behavior clinic, which determined that the defendant was fit to stand trial, was returned. On October 20, 1975, following several continuances by order of court and motion of the State, a hearing was held on defendant's *pro se* motion to dismiss for want of a speedy trial. While the motion alleged an improper extension of defendant's term, it was agreed that defendant's true objection was to the court's charging him with the continuance to determine fitness granted June 4, 1975. At the hearing, the defendant was represented by an Assistant Public Defender. The court, at the close of the evidence found it had been justified in ordering the continuance and denied the defendant's motion. Thereafter, the cause proceeded to trial, the jury returned a verdict finding the defendant guilty, judgment was entered on the verdict, and the defendant was sentenced as aforesaid.

The issue is whether the continuance ordered to ascertain defendant's fitness to stand trial can be ascribed as delay occasioned by the defendant.

Defendant argues that the continuance to determine his fitness to stand

trial, requested by his own attorney, should not have been charged to him so as to toll the running of the 120-day period as provided by the Four Term Rule (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)). We do not agree. The Four Term Rule provides that every person in custody in this State for an alleged offense shall be tried within 120 days from the date he was taken into custody unless delay is occasioned by the defendant by certain acts one of which is an examination for competency ordered pursuant to section 104—2 of the Act. We note that section 104—2 was repealed and transferred to section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1) by Public Act 77-2097 effective January 1, 1973. Section 5—2—1 provides in pertinent part as follows:

> "* * * a defendant is unfit to stand trial or be sentenced if, because of a mental or physical condition, he is unable:
>
> > (1) to understand the nature and purpose of the proceedings against him; or
> >
> > (2) to assist in his defense.
>
> (b) * * * the question of fitness may be raised by the State, the defendant or the court.
>
> (c) When a bona fide doubt of the defendant's fitness to stand trial or be sentenced is raised, the court shall order that a determination of that question be made before further proceedings."

The determination of a trial court with regard to the issue of whether a *bona fide* doubt as to competence has been raised will be given great weight by a court of review and will not be disturbed absent a clear showing of an abuse of discretion. (*People v. Southwood* (1971), 49 Ill. 2d 228, 274 N.E.2d 41; *People v. Benson* (1960), 19 Ill. 2d 50, 166 N.E.2d 80; *People v. Gibson* (1974), 21 Ill. App. 3d 692, 315 N.E.2d 557.) In the instant case, defendant's own counsel made a good faith representation to the court that his client was not in touch with the reality of the facts in the case. Clearly, this raised a *bona fide* doubt of the defendant's fitness to stand trial. Under the circumstances there can be no question but that the ordering of an examination to resolve that doubt, and the ascribing of the delay therefore to the defendant, was a proper exercise of the court's discretion.

Having so concluded, we need not determine whether the June 3, 1975, continuance constituted a delay occasioned by the defendant.

For the foregoing reasons, the judgment of the Circuit Court of Cook County denying defendant's motion is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.