THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RICK S. GRANT, Defendant-Appellee.

Third District    No. 81-77

Opinion filed February 19, 1982.—Modified on denial of rehearing April 7, 1982.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Rick S. Grant, was arrested on August 20, 1980. A grand jury indicted him on August 26, 1980, on charges of arson and aggravated assault. (Ill. Rev. Stat. 1979, ch. 38, pars. 20—1(a) and 12—2(a)(1), respectively.) By February 4, 1981, the defendant had not been tried. The defendant moved for a dismissal of the indictment on the grounds that he was denied a speedy trial. (Ill. Rev. Stat. 1979, ch. 38, pars. 103—5(a), (d); 114—1(a)(1).) A hearing on the motion was held February 5, 1981, and the trial court granted the motion to dismiss. The defendant was ordered discharged from further proceedings. The People appeal on the grounds that the defendant occasioned the delay, such that he was not denied a speedy trial.

A recitation of the facts is necessary only insofar as they pertain to the issue on appeal. Following the indictment, on August 27, 1980, the cause was continued to September 3, 1980, upon the defendant's motion for additional time to retain private counsel. However, the defendant did not retain private counsel, and a public defender was appointed to represent him. The defendant was arraigned and pleaded not guilty to both counts on September 3, 1980. A jury trial was set for October 13, 1980.

On September 26, 1980, the defendant gave notice of his intention to plead the defense of insanity. On October 6, 1980, the defendant filed a motion for payment of expert witness fees, alleging that he was indigent and that he needed the services of a qualified psychiatrist to prepare his

defense. The motion was granted on October 8, 1980, and Dr. Mortimer Beck, M.D., was appointed to examine the defendant to determine his state of mind at the time of the offense.

On the day set for trial, October 13, 1980, the People were prepared for trial; however, the defendant was not because he had not yet been examined by Dr. Beck. The court ordered the sheriff of Peoria County to transport the defendant to Dr. Beck's office for the purpose of examination on October 16, 1980. The trial judge put the case on a "day-to-day" call at this time, with no objection by either side. Dr. Beck's examination was conducted as scheduled.

The next order entered was on November 10, 1980, whereby the court, apparently upon defendant's oral motion of the same date, ordered the sheriff of Peoria County to transport the defendant to Dr. John E. Sheen's office. Dr. Sheen was to perform a second psychiatric examination of the defendant on November 12, 1980.

On January 28, 1981, there was an agreement to continue the matter until January 29, 1981. At that time the trial court raised the question of the 120-day rule. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a).) The defendant then orally made a motion to dismiss the indictment based on the State's failure to provide him a speedy trial. A written motion for dismissal was filed on February 4, 1981. The court set February 5, 1981, for a hearing on the motion.

At the hearing on February 5, 1981, the assistant State's Attorney originally assigned to this case, William Holman, was called by the State to testify. His testimony corroborated what has been stated here. In addition, he stated that the People did not move for a continuance on October 13, 1980, nor was there any discussion of a trial date with the defense counsel, Frank Picl. Mr. Holman said further that he never made a motion to have the defendant examined. He never received any information or report from the defense as to the results of the examination by Dr. Beck.

William Holman assumed other duties, and the defendant's case was transferred to assistant State's Attorney Marcia Straub on December 15, 1980. Straub testified that she never made a motion for a continuance. Nor had she moved to have the defendant examined by a psychiatrist. She did not receive a copy of the reports concerning the psychiatric examinations.

Upon further questioning by the State, Straub said she discussed a plea with defense counsel, Frank Picl, on January 9, 1981. Picl told her the psychiatric examination was completed, and that he would discuss the plea offer with the defendant.

According to Straub, on January 29, 1981, the defense told her there would be no plea and a trial date should be set. However, as stated above, after the trial judge raised the question of the 120-day rule, the defense orally made its motion for dismissal on that basis. On cross-examination

Straub stated that she did not take any steps toward setting a definite trial date, nor did the defense restrict her in that regard. Defense counsel also told her that the examination reports and medical testimony were not going to be used. Although there was a plea offer standing from January 9, 1981, Straub was not told by the defense to refrain from setting a trial date.

The defendant did not present any witnesses or evidence at the hearing. The trial court thereafter granted the motion, discharging the defendant. Specifically, the court determined that all delays elapsing between the date of the defendant's incarceration and January 28, 1981, were chargeable to the State, save the following, which were chargeable to the defendant:

(1) The 7-day period from August 27, 1980, when the defendant moved for a continuance, until September 3, 1980, when the public defender was appointed; and

(2) The 10-day period from October 6, 1980, when the defendant moved for payment of expert witness fees, until October 16, 1980, when Dr. Beck's examination was performed.

It is the People's contention in this appeal, that the trial court erred in failing to attribute to the defendant additional delays occasioned by him which suspended the 120-day period from running for the length of the delays. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(f); *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776.) Initially, the People assert that the People were prepared for trial on October 13, 1980, while the defendant was not because he had yet to be examined by Dr. Beck. Therefore, the People argue, in addition to the 17-day period which the trial court properly charged to the defendant, the period from October 16, 1980, until January 9, 1981, is chargeable to him because of the defendant's failure to indicate his readiness for trial during that period. In support of this contention, the People refer us to the November 10, 1980, order for a psychiatric examination to be conducted by Dr. Sheen. This, according to the People, is evidence of the defendant's lack of readiness for trial for the entire 85-day period from October 16, 1980, to January 9, 1981.

Throughout this time the case remained on a "day-to-day" calendar pursuant to the court's order of October 13, 1980. The People contend that the defendant acquiesced to this indefinite continuance by his silence. Also, to the People's knowledge, the defendant remained unprepared for trial as he did not inform the State of the results of the examinations or even if they took place. The People claim the delay ran until January 9, 1981, when the defendant told the State that the examinations had been performed and he had the results.

■■■ While a defendant has a right to be tried within 120 days from the date he was taken into custody, that period may be suspended tempo-

rarily for various reasons, such as delay occasioned by the defendant. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a), (f).) "In determining [whether the defendant has occasioned the delay], the criterion [used] is whether the defendant's acts in fact caused or contributed to the delay." (*People v. Nunnery* (1973), 54 Ill. 2d 372, 376, 297 N.E.2d 129, 130 (quoting *People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29, 224 N.E.2d 242, 246).) Where the State requests a continuance due to delay necessitated by the action of the defendant, it has been held that the statutory period is suspended. (*People v. Ruple* (1980), 82 Ill. App. 3d 781, 403 N.E.2d 129.) Or where there are different reasons for a delay, some which are attributable to the State, some attributable to the defendant, the fact that at least in part the delay is caused by the defendant is sufficient to suspend the rule. *People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 396 N.E.2d 1341.

■■■ The 120-day period begins to run when the defendant is incarcerated on charges. (*Dillingham v. United States* (1975), 423 U.S. 64, 46 L. Ed. 2d 205, 96 S. Ct. 303; *People v. Woodruff* (1980), 90 Ill. App. 3d 236, 412 N.E.2d 1171; *People v. Nichols* (1978), 60 Ill. App. 3d 919, 377 N.E.2d 815.) The period is tallied by excluding the day when custody begins and including the day when trial begins. *People v. Solheim* (1977), 54 Ill. App. 3d 379, 369 N.E.2d 308.

■■ In order to obtain a discharge for the failure of the State to try the defendant within 120 days, the defendant must show he was committed, gave no bail, he was not tried within 120 days, and he was not accountable for any delay. (*People v. Jones* (1965), 33 Ill. 2d 357, 211 N.E.2d 261; *People v. Mrozek* (1977), 52 Ill. App. 3d 500, 367 N.E.2d 783.) The burden of establishing that he was not responsible for a delay and is entitled to discharge rests upon the defendant. (*People v. Pearson* (1980), 88 Ill. App. 3d 616, 410 N.E.2d 958.) A defendant's right to a speedy trial is not violated, then, if a delay results from a motion filed by the defendant (*People v. Wilson* (1974), 19 Ill. App. 3d 466, 311 N.E.2d 759); or where by his affirmative act he has contributed to actual delay or has expressly agreed to a continuance on the record (*People v. Cunningham* (1979), 77 Ill. App. 3d 949, 952, 396 N.E.2d 876, 878). The period of suspension for the delay is also computed by excluding the first day and including the last day. Ill. Rev. Stat. 1979, ch. 1, par. 1012; *People v. Bivens* (1981), 97 Ill. App. 3d 386, 422 N.E.2d 1044; *Solheim.*

■■■ While the burden of proof rests on the defendant when moving for discharge under the 120-day rule, it has been held that a delay cannot be attributed to the defendant where the record is silent. (*Cunningham.*) The accused in custody has no duty to demand trial. (*Mrozek.*) The State has the duty to bring the defendant to trial within the statutory period, and the period is suspended only "when there has been actual delay of trial clearly attributable to the defendant." *People v. Perkins* (1980), 90 Ill.

App. 3d 975, 979, 414 N.E.2d 110, 114 (citing *People v. Hannah* (1975), 31 Ill. App. 3d 1087, 1089, 335 N.E.2d 84, 86).

■■ Whether a delay was occasioned by the defendant so that he is charged with it is a decision for the trial court. The decision of the trial court should be sustained on appeal, unless it is clearly shown that the court's discretion was abused. (*Cunningham; People v. Parker* (1978), 59 Ill. App. 3d 302, 375 N.E.2d 465; *People v. Arch* (1975), 33 Ill. App. 3d 331, 337 N.E.2d 221.) The trial judge is in a better position to attribute delay to one party or another (*People v. Snyder* (1975), 32 Ill. App. 3d 1003, 337 N.E.2d 108), to interpret the motion, estimate a reasonable time needed to answer, and decide whether objections to the motion are genuine or dilatory. *People v. Thomas* (1975), 25 Ill. App. 3d 88, 322 N.E.2d 597.

In the instant case, the trial court assessed a period of delay from October 6, 1980, to October 16, 1980, against the defendant. This decision was based on two facts, one being that the defendant made a motion for payment of expert witness fees on October 6, 1980, and the other being that the psychiatric examination the fees were to pay for was not conducted until October 16, 1980. During this time the case was placed on a day-to-day call which the People argue was an indefinite continuance acquiesced in by the defendant and running to January 9, 1981.

■■ ■ In support of the People's argument on appeal, the People have relied on *People v. Siglar* (1971), 49 Ill. 2d 491, 274 N.E.2d 65. We do not find *Siglar* persuasive authority in the instant case. In *Siglar*, the defendant moved for an examination and mental hearing on competency to stand trial, which does suspend the 120-day period. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a).) Contrawise, the defendant herein made a motion for payment of expert witness fees and he was to be examined for the purpose of raising the defense of insanity. A defendant who is competent to stand trial but is in need of mental treatment has the same rights to a speedy trial as any other competent defendant. (*People v. Hannah* (1975), 31 Ill. App. 3d 1087, 335 N.E.2d 84.) Here, the trial judge determined that the statute should be suspended no longer than the time needed to have the defendant examined by Dr. Beck.

Also, the *Siglar* case dealt with the express agreement by the defendant to continue the case indefinitely. By contrast, the record in the instant case indicates no such agreement. The mere fact that the defendant made a motion in the first place which interfered with the trial date of October 13, 1980, does not mean an indefinite continuance was in effect. (*People v. McKinney* (1978), 59 Ill. App. 3d 536, 375 N.E.2d 854.) "[M]ere silence on [the defendant's] part [does] not amount to an agreement or to a waiver of his right to a speedy trial." (*People v. Cichanski* (1980), 81 Ill. App. 3d 619, 622, 401 N.E.2d 1315, 1317.) In the present case, the record indicates that the defendant was merely silent. He did not, as such, ac-

quiesce in an indefinite day-to-day continuance. Absent an express agreement on the part of the defendant to an indefinite continuance, his silence, in the case at bar, did not suspend the 120-day period. (*People v. Arch* (1975), 33 Ill. App. 3d 331, 337 N.E.2d 221.) Therefore, the trial judge did not abuse his discretion in attributing the period of October 17, 1980, to November 10, 1980, to the State.

However, the trial court, perhaps inadvertently, improperly charged to the State the period of November 10, 1980, to November 12, 1980, when the defendant, on his own motion, was seen by another psychiatrist. This two-day period was clearly a delay caused by or contributed to by the defendant.

■■ Finally, the People argue that the defendant occasioned a delay by his motion to dismiss on January 29, 1981, which continued until the hearing on that motion, February 5, 1981. The defendant's motion to dismiss is not a delay attributable to the defendant, but is merely the means required to inform the court that his right to a speedy trial has been denied. (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(1).) The defendant must make this motion to avoid waiver of his right. Therefore, the State's argument is without merit. *People v. Uryasz* (1975), 32 Ill. App. 3d 825, 336 N.E.2d 813.

Summarizing, we conclude that the entire period elapsing between the date of the defendant's incarceration and his trial is chargeable as follows:

| Period | To whom charged | Number of days charged | (Cumulative) |
|---|---|---|---|
| 8/20/80-8/27/80 | State | 7 | (7) |
| 8/27/80-9/3/80 | Defendant | 7 | (7) |
| 9/3/80-10/6/80 | State | 33 | (40) |
| 10/6/80-10/16/80 | Defendant | 10 | (17) |
| 10/16/80-11/10/80 | State | 25 | (65) |
| 11/10/80-11/12/80 | Defendant | 2 | (19) |
| 11/12/80-1/28/81 | State | 77 | (142) |
| 1/28/81-1/29/81 | Defendant | 1 | (20) |
| 1/29/81-2/5/81 | State | 7 | (149) |

Thus, the total period chargeable to the State is, as the trial court correctly determined, in excess of the permissible limit.

Based on the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.