THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PAUL WILLIAMS, Defendant-Appellee.

Fifth District   No. 5—84—0001

Opinion filed July 11, 1985.—Rehearing denied September 24, 1985.

WELCH, J., dissenting.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy E. Blue and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The State appeals from a judgment of the circuit court of St. Clair County dismissing a robbery charge against Paul Williams, defendant, due to the State's failure to bring defendant to trial within the 120 days allotted by section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5). For the reasons which follow, we affirm the judgment of the circuit court.

In order to obtain a discharge for the State's failure to try him within 120 days, defendant must show he was incarcerated, gave no bail, was not tried within 120 days, and was not accountable for any delay. (*People v. Grant* (1982), 104 Ill. App. 3d 183, 188, 432 N.E.2d 1129.) The decision as to whether a delay was occasioned by the defendant rests with the trial court, and that decision should be sustained on appeal absent a showing that it constitutes an abuse of discretion. (104 Ill. App. 3d 183, 189.) Here, the court determined the delay attributable to the State accrued during two periods: from December 21, 1982, the day after defendant was taken into custody, until March 23, 1983, when the court ordered an examination to determine defendant's fitness to stand trial and sanity at the time of the offense, and from November 3, 1983, the date defendant was found fit to stand trial, until December 5, 1983, the date defendant filed his motion for discharge. The trial court's determination that these times were chargeable to the State is fully supported by the evidence, and

we find no basis upon which to disturb the court's conclusion that the 120-day period had run.

■ In an additional argument, the State contends that violation of the statutory right to a speedy trial does not mandate dismissal of the charges. It is the position of the State that the provision of the statute directing that defendant be "discharged" upon its violation (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(d)) does not mean that the charges against defendant must be dismissed, but, rather, means only that defendant must be released from custody or from the obligations of bail. While the State concedes that authority to dismiss the charges for failure of the State to comply with the speedy-trial statute is found in section 114—1(a)(1) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 114—1(a)(1)), it argues that this statute, which utilizes permissive language ("the court may dismiss the indictment, information or complaint"), allows the trial court to decide, in its discretion, whether the charges should be dismissed.

While our analysis of the language of the statutes involved persuades us that this argument is not without some merit, it is axiomatic that this court is obligated to follow the decisions of the Illinois Supreme Court (*Corbett v. Devon Bank* (1973), 12 Ill. App. 3d 559, 567, 299 N.E.2d 521). In *People v. Richards* (1980), 81 Ill. 2d 454, 459, 410 N.E.2d 833, the supreme court stated unequivocally that, "if an accused is not brought to trial within the 120-day term and he has not occasioned any delay in trial, he is entitled to a dismissal of the charges." While *Richards* did not address the issue of statutory construction presented here, and while at least one of the cases relied on in *Richards* involved an earlier statute containing different language than the current one (*People v. Wyatt* (1962), 24 Ill. 2d 151, 152, 180 N.E.2d 478 (involving Ill. Rev. Stat. 1959, ch. 38, par. 748, which provided a defendant "shall be set at liberty by the court" if not tried within four months)), we are not at liberty to disturb the clear pronouncement of the supreme court in *Richards*.

■ Finally, the State contends that defendant's fitness hearing tolled rather than suspended the speedy-trial term, and that the 120 days thus commenced to run anew after defendant was found fit to stand trial. This argument was not made in the trial court, and is waived for purposes of review. *People v. Herndon* (1982), 105 Ill. App. 3d 167, 170, 434 N.E.2d 10.

For the reasons given, the judgment is affirmed.

Affirmed.

JONES, P.J., concurs.

JUSTICE WELCH, dissenting:

I would reach the issue of whether defendant's fitness hearing tolled rather than suspended the speedy-trial terms despite the State's failure to raise the issue at trial; further, I would reverse the judgment of the circuit court on that basis. Therefore I respectfully dissent.

Some additional fact background is helpful:

Williams was initially charged by complaint with (1) a December 20, 1982, attempted rape, and (2) a December 20, 1982, robbery in which he allegedly removed one 1983 Chevrolet Monte Carlo and $7 from the owner thereof by threatening the imminent use of force. A St. Clair County grand jury indicted Williams upon the latter charge and returned "No True Bill" as to the former. On March 22, 1983, the assistant public defender filed her motion for examination of defendant, which stated in part:

> "That the defendant could not be present for his arraignment hearing on the indictment which was set for Friday, March 18, 1983, due to the fact that he had covered himself with defecation and could not be controlled by the St. Clair County Jail authorities. *** That Cheryl Prost, the court psychologist, contacted the defendant's attorney on March 16, 1982 [*sic*], and indicated that the defendant is presently on medication and has been too violent for her to talk to him. *** That the defense attorney *** has been unable to communicate with the defendant regarding his case due to his violent behavior."

The motion sought that the court order an examination of defendant to determine his fitness to stand trial and his sanity at the time of the alleged offense. On March 23, 1983, the court ordered the requested examination. In two orders filed March 26, 1983, the court stated that defendant had been found to be unfit and that the parties had so stipulated. A fitness hearing was set for October 14, 1983, and was continued on motion of defendant's counsel. On November 3, 1983, after hearing evidence, the court found defendant fit to stand trial.

The State argues that defendant's fitness hearing tolled rather than suspended the speedy-trial term, and that the 120 days thus commenced to run anew after defendant was found fit to stand trial. As the majority notes, this court would be entirely justified in deeming the issue waived. However, the rule of waiver is a limitation on the parties and not on the courts. Appellate courts have disregarded the waiver rule in order to achieve a just result, and may do so for

the maintenance of a sound and uniform body of precedent. (*People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1978), 58 Ill. App. 3d 28, 31, 373 N.E.2d 772, 774, *aff'd and remanded* (1980), 78 Ill. 2d 381, 400 N.E.2d 918.) In my opinion the instant facts call for relaxation of the general rule of waiver. I would reach the merits.

On the merits, I agree with the majority that there is no basis to disturb the trial court's conclusion regarding which periods of delay were properly attributed to defendant. This conclusion does not end the inquiry. Section 103—5(a), after stating the general rule of discharge after 120 days of incarceration, states in the disjunctive ("or") several exceptions to the general rule. Thus where any one or more of these exceptions are present, the 120-day period does not run. The several causes of delay of trial listed as exceptions to the general rule of 120-day discharge are each separate causes for delay, one of those causes being a delay occasioned by the defendant and another being a competency hearing. (*People v. Sonntag* (1984), 128 Ill. App. 3d 548, 558, 470 N.E.2d 631, 639.) The trial court properly concluded that the former cause, delay occasioned by defendant, was not present in this case. It does not appear that the court considered, or was asked to consider, the effect of the November 3, 1983, fitness hearing.

As the State notes in its argument, the State was placed in a very difficult position regarding the scheduling of defendant's trial when defendant became so intransigent while incarcerated that fitness proceedings became necessary approximately 30 days before the running of the speedy-trial period. Under these circumstances, the State was required to stand ready to try the case on 30 days' notice, despite having no clear idea of when defendant would be found fit to be tried.

A careful reading of section 103—5(f) reveals, however, that the 120-day period commenced to run anew after defendant was found fit to stand trial. Prior to the effective date of section 103—5(f), this was the rule. (See *People v. Robinson* (1970), 130 Ill. App. 2d 29, 33, 264 N.E.2d 484, 486; *cf. People v. Tomasello* (1981), 98 Ill. App. 3d 588, 593, 424 N.E.2d 785, 790 (illustrating, generally, what "tolled" meant under the prior, less strict, rule).) The present section 103—5(a) provides that every person in custody for an alleged offense shall be tried within 120 days "unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal." (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a).) In light of subsequent changes elsewhere

in the Code of Criminal Procedure of 1963, the references in the above provision to "competency" have been construed as references to "fitness" as that term is employed in the Code. (*People v. Sonntag* (1984), 128 Ill. App. 3d 548, 470 N.E.2d 631.) Section 103—5(f) provides: "Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed by subparagraphs (a), (b), or (e) of this Section ***." (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(f).) At issue is whether, under section 103—5(f) a fitness hearing merely temporarily suspends for the time of the delay the speedy-trial period, or instead "tolls" the statutory period.

The fundamental purpose in statutory construction is to ascertain the intention of the legislature and then give effect to it. The language of the statute in question is ordinarily the best source for determining that intention. (*People v. Rink* (1983), 97 Ill. 2d 533, 539, 455 N.E.2d 64, 67.) Section 103—5(f) does not expressly address the instant issue. It is therefore necessary to resort to secondary principles of statutory construction. As noted above, the causes for delay of trial enumerated in section 103—5(a) are each separate reasons for delay, one of those causes being a delay occasioned by the defendant and another being a competency hearing. (*People v. Sonntag* (1984), 128 Ill. App. 3d 548, 470 N.E.2d 631.) Of the various causes for delay enumerated in section 103—5(a), only one, delay occasioned by the defendant, temporarily suspends the speedy-trial period pursuant to section 103—5(f). It is a fundamental principle of statutory construction that the enumeration of certain things in a statute implies the exclusion of all others. (*In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 552, 131 N.E.2d 487, 490.) The legislature could have provided in section 103—5(f) that all causes of delay listed in section 103—5(a) should temporarily suspend the statutory period; it did not. Apparently the legislature did not intend section 103—5(f) to require that a fitness hearing should merely "suspend" the statutory period.

Some additional guidance is found in examination of section 104—23(c) of the Code. Section 104—23(c) provides that if a defendant is restored to fitness and the original charges against him are reinstated, the speedy-trial period "shall commence to run." (Ill. Rev. Stat. 1983, ch. 38, par. 104—23(c).) The legislature's choice of the words "commence to run" as opposed to "resume running" is consistent with the view that section 103—5(f) does not change the prior rule that a fitness hearing tolls the statutory period. Conversely, situations involving interlocutory appeals, a cause of delay also listed in section 103—5(a), are distinguishable. In *People v. Jones* (1984), 104 Ill. 2d

268, 284-85, 472 N.E.2d 455, 462, our supreme court concluded that the time between the filing of the State's notice of appeal and the filing of the mandate of the appellate court in the circuit court could not be counted against the statutory period; however, the three-day period immediately prior to the filing of the State's notice of appeal was counted against the statutory period. It would seem that delay due to interlocutory appeal should be treated the same as delay due to a fitness hearing, since the two causes are listed in section 103—5 without distinction. However, delay due to an appeal by the State is also the subject of Supreme Court Rule 604(a)(4), which provides that the time during which an appeal by the State is pending is not counted against the speedy-trial period. (87 Ill. 2d R. 604(a)(4).) No similar provision appears with regard to delay caused by a fitness hearing.

Defendant directs us to *People v. Nesbitt* (1977), 49 Ill. App. 3d 533, 534, 364 N.E.2d 553, 554, for the proposition that a continuance for the purpose of ascertaining an accused's fitness to stand trial amounts to "[d]elay occasioned by the defendant." *Nesbitt* is authority for the proposition that a delay for the purpose of ascertaining an accused's fitness to stand trial may also be delay attributable to the defendant, not that the former is always necessarily the latter. (See also *People v. Sonntag* (1984), 128 Ill. App. 3d 548, 470 N.E.2d 631.) We have no cause to disturb the trial court's findings in the case at bar regarding which periods of delay were occasioned by defendant. Also distinguishable is *People v. Grant* (1982), 104 Ill. App. 3d 183, 188, 432 N.E.2d 1129, urged by defendant. *People v. Grant* concerned delays attributable to the defendant's preparation of his defense of insanity, not to proceedings to determine fitness for trial.

For the foregoing reasons, I would conclude that the 120-day speedy-trial period, which had not expired prior to the instant fitness hearing, began to run anew upon the trial court's November 3, 1983, finding of fitness. Accordingly, I dissent.