THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
CHARLES JONES, Defendant-Appellee.

Third District  Nos. 3—85—0552, 3—85—0553 cons.

Opinion filed July 18, 1986.

Joan Scott, State's Attorney, of Lewistown (John X. Breslin and Gary F.
Gnidovec, both of State's Attorneys Appellate Service Commission, of coun-
sel), for the People.

Robert Agostinelli and Peter A. Carusona, both of State Appellate De-
fender's Office, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Charles Jones, was charged in two counts with having
committed unlawful deliveries of a controlled substance (LSD). A war-
rant for his arrest was issued pursuant to section 111—2(d) of the
Criminal Code of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 111—2(d)),
and on April 16, 1985, defendant appeared in the circuit court of Ful-
ton County in the custody of the sheriff. The charges were read to
defendant. He was found to be indigent and was remanded to the

sheriff's custody upon failure to post bond, which previously had been set at $5,000. The public defender was appointed to represent defendant.

The case proceeded to a preliminary hearing on April 24, 1985. The court found probable cause to believe that defendant had committed an offense, defendant was arraigned and entered a plea of not guilty. Upon denial of defendant's motion for release on his own recognizance, he was again remanded to the custody of the sheriff. On April 26, 1985, defendant filed a request for an immediate jury trial. By an order entered May 29, 1985, defendant's cases were assigned to Judge Wilhelm for a jury trial to commence on June 18, 1985. A pretrial conference was set by the same order for June 10, 1985.

On that date, neither defendant nor the public defender, John Clark, appeared. Assistant State's Attorney, Dean Wilson, informed the court that Clark had told him that defendant would be pleading guilty to the offenses. Accordingly, by order entered on June 17, 1985, defendant's cases were set for rearraignment to be held before Judge Wilhelm on July 3, 1985.

On July 3, 1985, Assistant State's Attorney Dwight Campbell and Public Defender John Clark appeared in court and informed Judge Wilhelm that he might wish to disassociate himself from the defendant's cases because the judge's son, Tom, might be a material witness. Judge Wilhelm immediately recused himself and referred the matter to the office of the chief judge of the circuit in Macomb, in McDonough County. On July 23, 1985, Campbell received notice that defendant's cases had been reassigned to Judge Murphy, who was in Macomb at that time. Between July 23 and August 15, Campbell made several unsuccessful attempts to have Judge Murphy set defendant's cases for rearraignment.

Finally, on August 16, defendant, along with Public Defender Clark and Assistant State's Attorney Campbell, appeared before Judge Murphy at the Fulton County courthouse on the State's motion for rearraignment. Defense counsel moved for dismissal of the charges against defendant for violation of his right to a speedy trial. The State's Attorney filed a "Motion for Change of Judge." The matter was taken under advisement. On August 20, attorney Edward Danner entered his appearance for defendant.

On August 21, Public Defender Clark withdrew as counsel for defendant. The State's motion for change of judge was granted. Defendant's motion to dismiss was heard by Judge Kenneth Bath later that day, and at the conclusion of testimony and arguments of counsel the court took the matter under advisement.

On August 22, Judge Bath granted defendant's motion to dismiss and discharged him. The court's findings of fact and law follow:

"(1) That the defendant was continuously in custody from April 16, 1985 to August 16, 1985; the date of the filing of defendant's Motion to Dismiss.

(2) That 122 days elapsed from April 16, 1985 to August 16, 1985.

(3) That the defendant did not occasion any delay in these causes.

(4) That neither the defendant, nor his counsel are guilty of deliberate deception in these causes.

(5) That the defendant's right to Speedy Trial as contemplated by Chapter 38, sec. 103—5 has been violated."

The State takes this appeal pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)). Factually, the State takes issue with the trial court's finding that defendant did not occasion any delay. The State further contends that the trial judge erred by not exercising its discretion in determining whether defendant was entitled to dismissal of the charges upon its finding that 122 days had elapsed between the date defendant was first incarcerated and the filing of his motion to dismiss.

Defendant argues that we should not reverse the trial court's order because the trial court did not abuse its discretion in finding no delay attributable to him and, further, that the speedy-trial statute (Ill. Rev. Stat. 1985, ch. 38, par. 103—5) is mandatory, not discretionary.

■ As defendant correctly states, the State's second issue—essentially one of statutory construction—is not well taken. The precise argument advanced here was presented in *People v. Williams* (1985), 137 Ill. App. 3d 816, 818, 484 N.E.2d 790, 792, and rejected on grounds of the supreme court's "clear pronouncement" in *People v. Richards* (1980), 81 Ill. 2d 454, 459, 410 N.E.2d 833, 836. In *Richards* the court declared unequivocally that "though the statutory period is not co-extensive with [the constitutional] right [to a speedy trial] (*People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230; *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819), if an accused is not brought to trial within the 120-day term and he has not occasioned any delay in trial, he is entitled to a dismissal of the charges [citations]." We find the court's reasoning in *Williams,* based on *Richards,* more persuasive than the State's statutory-construction argument presented here.

Nonetheless, we find that the trial court did abuse its discretion in finding that the defendant did not occasion any delay. On review of a

speedy-trial issue, this court may not close its eyes to the attendant facts and circumstances but must scrutinize them to the end that justice be not mocked either by allowing the State to evade defendant's speedy-trial rights on overly technical grounds or by dismissing charges against a defendant who in fact has caused a delay. *People v. Davis* (1983), 114 Ill. App. 3d 537, 449 N.E.2d 237.

The record before us clearly discloses that by June 10 defendant had decided to accept the plea agreement tendered to him as outlined in a letter dated June 3, 1985, from Assistant State's Attorney Campbell to Public Defender John Clark. The letter recited, in pertinent part:

"Mr. Jones would plead guilty to one charge of Unlawful Delivery of a Controlled Substance and the requested sentence would be 3 years in the Department of Corrections, court costs, Crime Victims Fund fine, and restitution to MEG in the amount of $535.00. The other charge of Unlawful Delivery of a Controlled Substance would be nolled."

A handwritten modification immediately followed: "John: Restitution would be ½ of $535.00." A week later, June 10, 1985, was the date set for defendant's pretrial conference. The record discloses that around June 6 or 7 Clark talked with Assistant State's Attorney Dean Wilson and explained that he would be out of town on June 10, and that defendant was going to accept the plea agreement and plead guilty to the charges against him. The practical consequence of defendant's decision was that he had to be rearraigned in open court to enter his plea of guilty. Thus, rather than going to trial as scheduled on June 18, a court date had to be set for accepting the plea pursuant to section 113—4(c) (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(c)). Since neither defendant nor his attorney appeared before the court on June 10, it was readily apparent that defendant did not intend or anticipate that his plea be accepted on June 10, the date originally scheduled for his pretrial conference.

The date set for defendant's rearraignment was July 3. This 23-day delay must be attributed to defendant. While it is true that the record on appeal contains no indication that defendant moved for a continuance, suppression of evidence or a competency hearing prior to August 16, the defendant's decision to plead guilty, as reported to the trial court on June 10, was unquestionably an act by defendant which in fact caused or contributed to a delay. See *People v. Davis* (1983), 114 Ill. App. 3d 537, 540, 449 N.E.2d 237, 239, citing *People v. Shields* (1974), 58 Ill. 2d 202, 317 N.E.2d 529.

The defendant argues that the trial court found no deception in-

tended on the defendant's part and that his act of indicating an acceptance of his plea bargain should not, therefore, be charged to him for purposes of the speedy-trial statute. (See *People v. McRoberts* (1977), 48 Ill. App. 3d 292, 362 N.E.2d 1096.) Defendant's reliance on *McRoberts*, however, is misplaced.

In *McRoberts*, the State's Attorney and defense counsel discussed a plea bargain, which was communicated to defendant on September 8, 1975, the day before his trial was to have begun. On belief that defendant would accept the plea offer as tendered, the State's Attorney postponed defendant's trial on his own initiative. The terms of the State's plea offer were not disclosed to defendant until September 25. At that time, defendant replied that he could not agree to the offer because he lacked the money to pay a proposed fine of $500. Defense counsel discussed the matter with the State's Attorney shortly before the expiration of the 160-day statutory period, but no agreement could be reached. After 160 days had elapsed, defendant moved for a dismissal pursuant to section 103—5 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5). The trial court granted the motion, and the State appealed.

On appeal, the *McRoberts* court expressed its reluctance, but held that "there is nothing in the record to indicate that the defendant did anything to toll the running of the 160 day period." Clearly, McRoberts never indicated an acceptance of the State's plea offer. He never indicated to the court that he wanted to change his "not guilty" plea. Accordingly, the decision of the trial court to dismiss charges against the defendant on grounds of the technical speedy-trial violation was affirmed.

■ The facts before us, however, leave no question about defendant's acceptance of the plea bargain by June 10, 1985, as offered by the State's Attorney. Defendant's position, it appears, was unaltered until August 16 when he filed his motion to dismiss. Until then, defendant gave no indication that any part of the negotiated offer was unacceptable to him. Thus, at the very least, as aforesaid, the period between June 10—when defendant's decision to change his plea was unequivocally communicated to the court—and July 3—the date set for rearraignment—is a delay chargeable solely to defendant.

The State presents further arguments urging: (1) that defendant should be charged with the delay between May 21 and July 3 for failure to disclose to Judge Wilhelm that his son was a potential material witness; (2) that defendant should be charged with the delay between July 3 and July 23, when Judge Murphy was assigned to replace Judge Wilhelm; and (3) that defendant should be charged with the en-

tire period prior to July 23 because Judge Wilhelm's participation in the proceedings until then deprived the trial court of "jurisdiction."

It does not appear that the foregoing theories were presented to the trial court. As such, they are waived and we make no comment on their merits.

We hold only that the trial court erred in finding that defendant's statutory speedy-trial right had been violated by August 16, 1985. At most, only 99 days of the 122-day period elapsing between April 16 and August 16 are chargeable to the State.

We remand this cause to the circuit court of Fulton County for further proceedings.

Reversed and remanded.

WOMBACHER and HEIPLE, JJ., concur.