THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICKY BOWMAN, SR., Defendant-Appellee.

Third District   No. 3—88—0197

Opinion filed March 17, 1989.

HEIPLE, J., dissenting.

James T. Teros, State's Attorney, of Rock Island (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Richard P. Coppula, of Rock Island, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The trial court granted defendant Ricky Bowman's motion to dismiss, based on a violation of his statutory right to a speedy trial. The State appeals the order.

On April 29, 1987, the defendant was charged in a criminal complaint with residential burglary. On August 6, 1987, the defendant was placed in the Rock Island County jail, and on the same day, a public defender was appointed to represent him. The next day, the defendant demanded a speedy trial. On August 11, 1987, attorney Fred Kopp was appointed to represent the defendant. Kopp had a contract with the County of Rock Island to represent criminal defendants who might have a conflict with the public defender's office. On October 8, 1987, the defendant was arraigned and a trial date of November 23, 1987, was set.

On November 1, 1987, attorney Alexander Jarrin replaced Kopp as conflicts public defender, since Kopp had terminated his employment with the County of Rock Island effective October 31, 1987. On

November 18, 1987, Jarrin filed a motion to remove the defendant's case from the November jury list and to continue the case, alleging that he had insufficient time to prepare a defense. Although Jarrin and the prosecutor stipulated that the delay would be attributable to the defendant, their stipulation was not included in the order granting the motion. The defendant was not present when the motion was presented nor was a hearing conducted on the motion.

In mid-January of 1988, the defendant wrote a letter to the chief judge stating that he had not wanted a continuance and that he had desired to go to trial on November 23, 1987. He further pointed out that he had not had a trial date set since the continuance. Approximately two weeks later, the defendant again wrote to the chief judge, requesting that attorney Richard Coppula be appointed to represent him.

On February 19, 1988, Coppula filed an entry of appearance on behalf of the defendant and Jarrin was allowed to withdraw. On that same day, the defendant filed a motion to dismiss, alleging a violation of the speedy trial act (Ill. Rev. Stat. 1987, ch. 38, par. 103—5). The defendant had been in custody continuously for a period of 197 days, from August 6, 1987, until his motion to dismiss was filed. Following a hearing, the trial court granted the defendant's motion, discharging the defendant. On February 24, 1988, the State filed a motion to reconsider, which the trial court subsequently denied.

On appeal, the State argues that the trial court erred in granting the defendant's motion to dismiss. The State contends that the 120-day speedy trial period was tolled by the defendant's motion to remove his case from the jury list and to continue the matter.

■ Section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a)) provides that an accused in custody is to be brought to trial within 120 days from the date he was taken into custody, unless delay is occasioned by the defendant. When a court-appointed counsel withdraws on his own initiative due to a conflict of interest, any resulting delay cannot be charged to the defendant (*People v. Roberts* (1985), 133 Ill. App. 3d 731, 479 N.E.2d 386), unless the withdrawal was made under circumstances from which it may be inferred that the defendant acquiesced in the delay (*People v. McGuire* (1984), 123 Ill. App. 3d 908, 463 N.E.2d 1041). Since the trial court is in a better position to determine whether the defendant acquiesced in the delay, a reviewing court will affirm its decision unless it amounts to an abuse of discretion. *People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 396 N.E.2d 1341.

At the hearing on the instant defendant's motion to dismiss, the

defendant testified that he was not notified until November 18, 1987, that attorney Kopp no longer represented him. The defendant further testified that he was not aware that his newly appointed counsel, Alexander Jarrin, had filed a motion for a continuance until two days after it was filed. The defendant testified that he told Jarrin that he did not want a continuance.

Kopp testified on behalf of the State that he had informed the defendant in late October that Jarrin would be taking over the case and would probably need more time to prepare. Kopp also explained to the defendant that he could either have the case settled before Kopp left or go to trial with a new lawyer. The defendant then told Kopp that he did not want to plea bargain. The defendant further indicated that a continuance would be fine because he wanted to spend as much time as he could in the Rock Island County jail. According to Kopp, the defendant believed that time spent in the Rock Island County jail would be credited against time he was required to serve in an Iowa correctional facility. Kopp also testified that the defendant was aware of the speedy trial provision. Kopp explained to the defendant that any motion they made would toll the time in which the State had to bring him to trial.

Under the circumstances of the instant case, we find that the defendant did not voluntarily acquiesce in the delay occasioned by the withdrawal of his counsel. The defendant was faced with the choice of either going to trial with unprepared counsel or asking for a continuance and foregoing his right to a speedy trial. The defendant was placed in a compromising position not as a result of his actions, but as a result of the acts of his two attorneys and the County of Rock Island. We agree with the trial judge's finding that "if the defendant did acquiesce in the motion to continue, he did so only under duress and not voluntarily."

■ Further, under the circumstances of the instant case, we do not find it significant that the defendant's counsel stipulated that delay would be chargeable to the defendant. The defense counsel withdrew from the case on his own initiative, not at the insistence of the defendant. As such, any resulting delay cannot be charged to the defendant. *People v. Roberts* (1985), 133 Ill. App. 3d 731, 479 N.E.2d 386.

The State's second argument on appeal is that dismissal for a speedy trial violation is discretionary and not mandatory. It therefore contends that the trial court erred in automatically dismissing the defendant's case. The State's argument rests on an analysis of the distinction between the use of the mandatory "shall" contained in sec-

tion 103—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a)), as opposed to the use of the permissive "may" contained in section 114—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)).

In *People v. Jones* (1986), 145 Ill. App. 3d 804, 495 N.E.2d 1330, we previously rejected the State's instant statutory construction argument. Although the statutory speedy trial period is not coextensive with the constitutional right to a speedy trial, if an accused is not brought to trial within the 120-day term and he has not occasioned any delay in trial, he is entitled to dismissal of the charges. *People v. Jones* (1986), 145 Ill. App. 3d 804, 495 N.E.2d 1330.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

In the instant case, defense counsel filed a motion to remove the defendant's case from the jury list and to continue the matter. The basis of counsel's motion was the fact that he had been assigned to the defendant's case on November 1, 1987, and that he had an insufficient amount of time to adequately prepare the defense for trial, which was scheduled for November 23, 1987. In addition, defense counsel stipulated that the delay occasioned by the continuance was specifically attributable to the defendant. Contrary to the majority holding, I find that a motion submitted by the defendant's own attorney for a continuance is a delay occasioned by the defendant and consequently tolls the 120-day speedy trial period provided under section 103—5(a) (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a)).

Section 103—5(a) provides in pertinent part:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***." (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a).)

It is well settled that the statutory speedy trial term is tolled where a defendant requests, stipulates to, or consents to a continuance. (*People v. Tillman* (1963), 26 Ill. 2d 552, 554; *People v. Brown* (1982), 110 Ill. App. 3d 443.) The record establishes that the defendant was arrested on August 6, 1987, and charged with the offense of residential

burglary. On November 18, 1987, the defendant's counsel requested and obtained a continuance order. Thus, if the statutory period had been tolled on November 18, 1987, there would have been 16 days remaining in the 120-day term. The majority finds, however, that because the defendant did not voluntarily acquiesce in his counsel's request for a continuance, the delay was not occasioned by the defendant, and the 120-day period was not tolled. I cannot agree with the majority's interpretation of section 103—5(a).

Continuances which are requested by the State are charged to the State. (*People v. Rhoads* (1982), 110 Ill. App. 3d 1107.) Likewise, continuances which are requested by the defendant are charged to the defendant. (*People v. Gathings* (1984), 128 Ill. App. 3d 475.) Courts should not be forced to inquire into every chargeable delay to determine whether a defendant personally agreed to a continuance or was wholly blameless for asking for a continuance. Such a rule would allow defendants to divert the blame for delays caused by their own motions. For example, a defendant may move for a continuance in order to receive more time to complete discovery. If the continuance is granted, the defendant might resourcefully argue that the reason he needed more time for discovery was because the State had not been forthcoming and expedient in furnishing him information. Thus, the defendant could argue that since he was not to blame for the circumstances necessitating the continuance motion, the motion should not be charged to him. Then, when the 120-day speedy trial period expires, the defendant will move to dismiss the case, since the delay was not occasioned by him. To avoid this pitfall, this court should adhere to the principle that parties should be charged for motions that they request.

Furthermore, the majority's ruling attempts to separate the affirmative acts taken by defense counsel from the defendant's own acts. This runs counter to well-established case law. It is clear that when defense counsel fails to appear in court at the appointed time, his absence causes a delay attributable to the defendant. (*People v. Hairston* (1970), 46 Ill. 2d 348, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.) It does not matter whether the defendant personally acquiesced to his counsel's decision not to appear in court at the appointed time. Likewise, in the present case, it should not matter whether the defendant personally agreed to the continuance. Actions taken by defense counsel should be charged to the defendant.

Finally, the defendant in this case is presented with a no-lose situation. Certainly, if the defendant's counsel had not moved for a con-

tinuance and had gone to trial unprepared, the defendant on appeal would be arguing that trial counsel rendered ineffective assistance of counsel. Yet, since his counsel chose to request a continuance, the defendant now attempts to assert a technical violation of the 120-day speedy trial period. This court should not allow the defendant to have it both ways. For the reasons stated, the continuance motion should be charged to the defendant and the statutory 120-day period should have been tolled. Accordingly, I dissent.