THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARK WIEGAND, Defendant-Appellee.

Third District    No. 3—88—0282

Opinion filed May 18, 1989.

Edward F. Masters, State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joseph H. Taylor, Gerald J. Sramek and Stanley A. Strezelecki, all of Palos Heights, for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The State charged the defendant, Mark Wiegand, with being involved in an accident which resulted in great bodily harm to another while he was driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(2), 11—501(d)(3)). The trial court subsequently granted the defendant's petition for discharge based on the violation of his speedy trial right. The State appeals.

The record shows that the defendant first demanded a speedy trial on February 23, 1987. On March 21, 1988, the defendant filed his petition for discharge. Following a March 23 hearing on the petition, the trial court found that the State had failed to bring the defendant to trial within 160 days and dismissed the charges against him. The court's findings regarding which days it ascribed to the State were unclear. Following the State's motion to reconsider, the court specifically found that 162 days had elapsed since the defendant's speedy trial demand, again without specifying any dates.

On appeal, the State first argues that the trial court erred in finding that the State had failed to bring the defendant to trial within 160 days. The State concedes that 99 days were attributable to it. It argues, however, that the 83 days between July 30 and October 21, 1987, and the 56 days between January 25 and March 21, 1988, were attributable to the defendant.

■ Addressing first the period from January 25 to March 21, 1988, we note that a defendant on bail or recognizance shall be tried within 160 days from the date he demands trial, unless delay is occasioned by him. (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).) In general, responsibility for delays caused by crowded dockets rests with the State and not the defendant. (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677.) However, a defendant must share the blame where he causes or concurs in a rescheduling. *People v. Manna* (1981), 96 Ill. App. 3d 506, 421 N.E.2d 542.

In the instant case, the record shows that on October 21, 1987, the defendant agreed to continue the trial until January 25, 1988. On January 25, due to a crowded docket the trial court on its own motion rescheduled the trial to March 23, 1988. The defendant objected and expressly renewed his speedy trial demand.

■ The State argues that the defendant should bear part of the blame for the continuance to March 23, since he agreed to the January 25 trial date, which turned out to be a bad day for the court. We find no cases supporting the State's argument. *DeCarlis, Manna,* and other cases addressing this issue dealt with defendants who expressly or impliedly agreed to a continuance because of a crowded docket. Here, the defendant agreed to the preceding continuance, not to the continuance caused by the crowded docket. In fact, he strongly objected to it. Further, despite the foreseeable speedy trial problem, the State did nothing to advance the trial to a date sooner than March 23. Accordingly, we find that the period from January 25 to March 21, 1988, was attributable to the State. Adding those 56 days to the 99 admitted by the State results in 155 days attributable to the State.

■ ▊ Turning to the period between July 30 and October 21, 1987, we note that in *People v. Reimolds* (1982), 92 Ill. 2d 101, 106-07, 440 N.E.2d 872, 875, the Illinois Supreme Court stated:

"A delay is held to be occasioned by the defendant when the defendant's act in fact caused or contributed to the delay. [Citations.] This affirmative act may be manifested as an express agreement to a continuance on the record. [Citation.] Delay will not, however, be presumed to be attributable to the defendant on the basis of a silent record. [Citations.] Furthermore, mere silence on the part of the defendant or failure to object to the State's request for a delay does not amount to an agreement or waiver of the right to a speedy trial by the defendant. [Citations.]

A court of review must determine the issues before it solely on the basis of the record made in the trial court. [Citations.] In resolving whether a delay is attributable to the defendant, much deference must be given to the trial court's judgment, especially where it is difficult to discern from the record which party is primarily responsible for the problem. [Citation.] The decision of the trial court as to accountability for delay in bringing the defendant to trial should be sustained, absent a clear showing of abuse of discretion. [Citation.]"

■ In the instant case, the evidence as to when the defendant agreed to the October 21 trial date was contradictory. The record does not show the defendant consenting to the October 21 date until September 16. However, at the hearing on the defendant's petition, Assistant State's Attorney Stephen White testified that on either July 30 or 31, 1987, or at least "[b]efore August 11," he telephoned the defendant's attorney, Joseph Taylor, to discuss the potential speedy trial problem that might arise if trial was not held until October 21, 1987. According to White, Taylor indicated that he was not pushing the speedy trial demand at that time and October 21 was fine for trial. Attorney Taylor denied having such a conversation with White on July 30 or 31. He believed the conversation had occurred just prior to August 11, 1987. Given the vagueness of the instant record, we cannot find that the trial court clearly abused its discretion in apparently concluding that the defendant did not agree to the continuance until after August 5, 1987. Accordingly, we affirm the trial court's finding that more than 160 days passed after the defendant demanded a speedy trial.

■ The State also argues on appeal that the trial court erred in automatically dismissing the charges against the defendant once it de-

termined that over 160 days had passed. We previously addressed this issue in *People v. Jones* (1986), 145 Ill. App. 3d 804, 495 N.E.2d 1330, where we found that dismissal is mandatory once the speedy trial term has run. We find no reason to overturn our holding. We therefore affirm the trial court's order.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.