THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RALPH SCHMIDT, Defendant-Appellant.

Third District   No. 3—91—0579

Opinion filed September 4, 1992.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for
appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and
Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office,
of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

Defendant was convicted of aggravated criminal sexual assault
and criminal sexual assault. On appeal, he claims he was denied his
right to a speedy trial and that the second conviction was improper
under the lesser included offense rule. We find that defendant was de-
nied his right to a speedy trial. We therefore reverse the judgment of
the circuit court and vacate the convictions.

Ralph Schmidt was arrested on August 10, 1989. He was charged
in a three-count indictment with aggravated criminal sexual assault,
criminal sexual assault, and attempted aggravated criminal sexual as-
sault.

On November 6, 1989, defendant asked for and was granted a
continuance until November 29, 1989. On that date, the cause was
continued until December 4, 1989, again at defendant's request. On

December 4, the court appointed a psychiatrist to examine defendant to determine defendant's fitness to stand trial. Defendant had remained in continuous custody throughout this entire period.

The court determined on January 22, 1990, that Schmidt was not fit to stand trial and remanded him to the custody of the Department of Mental Health. The case was continued, with another fitness hearing to be held on August 15, 1990.

At that hearing, both parties stipulated that Schmidt was now fit to stand trial. The court set a trial date of October 29, 1990.

On October 29, the trial judge and the attorneys discussed the possibility that the 120-day speedy trial period might have run. Neither the prosecutor nor the defense counsel was sure exactly how much time was attributable to each side.

The defendant filed a motion to dismiss on November 1. He alleged that from the time of his arrest on August 10, 1989, to his first motion for a continuance on November 6, 1989, was a total of 88 days which were not attributable to him. The motion then stated that from August 15, 1990, when he was found fit to stand trial, until October 29, was another 75 days which were also not attributable to defendant. The two periods totaled 163 days, which is in excess of the statutory 120-day limit. Ill. Rev. Stat. 1991, ch. 38, par. 103—5(a).

The trial court made no ruling at that time but proceeded with the bench trial. At the conclusion of the State's case in chief, the defendant renewed his speedy trial claim. The trial court then ordered that a transcript be prepared of the August 15 hearing. That hearing had been held before a different judge.

Defendant presented his case in chief on March 7, 1991. Closing arguments were held May 15 at which time defendant again raised the speedy trial issue. Ultimately, the defendant was found guilty but mentally ill on all charges. When reminded by the defendant of the speedy trial issue, the judge responded "Well, we never have really had arguments on that up to this point. You can argue that again if you want as part of your post-trial motion."

Defendant did include that claim as part of his post-trial motion. The court denied generally the motion without making any specific findings. The court then entered judgments on aggravated criminal sexual assault and criminal sexual assault and sentenced defendant to concurrent prison terms of 18 and 10 years, respectively.

The controlling issue on appeal is whether defendant was denied his right to a speedy trial, as guaranteed by the United States Constitution (U.S. Const., amend. VI) and the Illinois Constitution (Ill. Const. 1970, art. I, §8). These provisions have been implemented stat-

utorily by section 103—5 of the Code of Criminal Procedure of 1963, which provides, in pertinent part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104—13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal.

* * *

(f) Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed by subsections (a), (b), or (e) of this Section and on the day of the expiration of the delay the said period shall continue at the point at which it was suspended."

Ill. Rev. Stat. 1991, ch. 38, pars. 103—5(a), (f).

The defendant was held for 88 days, then requested a continuance. He concedes that his request for a continuance started the tolling of the statutory period. He also concedes that the period is suspended during the time which he was unfit to stand trial. After he was found fit to stand trial, he was held another 75 days until the trial actually started. He argues that the period recommenced running at the point he was found fit. It is defendant's contention that his conviction must be reversed because he was not tried within the 120-day period as required by the statute. The remedy for failure to comply with this requirement is dismissal. (Ill. Rev. Stat. 1991, ch. 38, par. 114—1(a)(1).) Dismissal is mandatory, not discretionary, when the period has been exceeded and the delay is not attributable to the defendant. *People v. Jones* (1986), 145 Ill. App. 3d 804, 495 N.E.2d 1330; *People v. Wiegand* (1989), 183 Ill. App. 3d 216, 538 N.E.2d 1374.

The leading case on this issue is *People v. Reimolds* (1982), 92 Ill. 2d 101, 440 N.E.2d 872. In *Reimolds*, the supreme court held:

"Under section 103—5, it is the duty of the State to bring a defendant to trial within the statutory period. [Citations.] However, on a motion to dismiss, the defendant has the burden of affirmatively establishing the violation of his right to a speedy trial [citation], and where a delay is attributable to the defendant, the statutory period is tolled. [Citations.]

A delay is held to be occasioned by the defendant when the defendant's act in fact caused or contributed to the delay. [Cita-

tions.] This affirmative act may be manifested as an express agreement to a continuance on the record. [Citation.] Delay will not, however, be presumed to be attributable to the defendant on the basis of a silent record. [Citations.] Furthermore, mere silence on the part of the defendant or failure to object to the State's request for a delay does not amount to an agreement or waiver of the right to a speedy trial by the defendant. [Citations.]" *Reimolds*, 92 Ill. 2d at 106, 440 N.E.2d at 875.

The State relies on this court's opinion in *People v. Jones* (1991), 215 Ill. App. 3d 652, 575 N.E.2d 561. In *Jones*, we held that the defendant had not established a speedy trial violation. In question was a 76-day period following a fitness examination and the date set for trial. The trial court noted that defendant's disruptive conduct had undermined the orderly proceeding of the cause. Accordingly, the court specifically held that the entire 76-day period was a delay occasioned by the defendant. Under those facts, this court was unable to find that the trial court had abused its discretion in denying defendant's motion to dismiss.

A similar result was reached in *People v. Cabrera* (1989), 188 Ill. App. 3d 369, 544 N.E.2d 439. There, the defendant was given three choices of trial dates, one of which was within the 120-day period for speedy trial. Defense counsel indicated a problem with one of the three dates, whereupon the court selected an even later date, without objection. Based on that, this court found that the defendant had acquiesced in the delay.

Both *Cabrera* and *Jones* are distinguishable. In *Cabrera*, the defendant agreed to have the case set in the regular course of the court's docket and was given the option of a trial date within the statutory period. This court held that such conduct amounted to an acquiescence to the date outside the period. In *Jones*, the defendant's dilatory conduct directly contributed to the delay.

Here, neither such element is present. There is no dispute that the initial 88 days are attributable to the State. There is also no doubt that the defendant's request for continuance and then his fitness evaluation are delays attributable to the defendant and that the 120-day period was suspended during that time. (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(a).) No one could reasonably expect the court to set a trial date while the defendant is either undergoing a fitness exam or while the defendant is adjudged unfit, nor does the statute require the court to do so.

On August 15, 1990, Schmidt was found fit to stand trial and stated that he was ready to proceed with the resolution of the charges. From that point until trial was another 75 days.

The State agrees that the period recommences at the point defendant is found fit to stand trial. The State, however, argues that defendant's failure to object amounts to a waiver of his right to a speedy trial.

That position was directly rejected by the supreme court. (*Reimolds*, 92 Ill. 2d at 106, 440 N.E.2d at 875.) It is the duty of the State to bring the defendant to trial within the statutory period. (*Reimolds*, 92 Ill. 2d at 106, 440 N.E.2d at 875.) The defendant has no duty to advise the court that the date set for trial presents a speedy trial problem. *People v. Smith* (1991), 207 Ill. App. 3d 1072, 566 N.E.2d 797.

In addition, the trial court did not expressly find that the 75-day period was attributable to the defendant. While this court must give deference to findings by a trial court, no such deference can be afforded when there is no finding. Delay will not be presumed to be attributable to the defendant on the basis of a silent record. *Reimolds*, 92 Ill. 2d at 106, 440 N.E.2d at 875; *People v. Jump* (1984), 127 Ill. App. 3d 440, 468 N.E.2d 1278.

Moreover, responsibility for delays caused by crowded dockets generally rests with the State and not the defendant. (*People v. Wiegand* (1989), 183 Ill. App. 3d 216, 538 N.E.2d 1374.) The defendant, however, must share the blame for a delay where he causes or concurs in the rescheduling. Here, the defendant's requests for a continuance and a fitness evaluation are not dilatory tactics which would evidence an acquiescence in further delays. The record does not show an affirmative act which could attribute any of the 163 days to Schmidt. Instead, the record shows that defendant actively pursued his speedy trial claim.

The legislature foresaw that a delay which occurred near the end of the term could give rise to difficulties. Thus, section 103—5 has a provision whereby the State can request an additional 21 days when delay is occasioned by the defendant within 21 days of the end of the speedy trial period. (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(f).) However, the State did not request such an extension nor would one have been warranted since there was no delay attributable to defendant during the final 21 days of the term.

Schmidt has adequately shown the elements of a violation of his right to a speedy trial; he was incarcerated, gave no bail, was not tried within 120 days, and was not accountable for delay that took the

case outside the term. (*People v. Williams* (1985), 137 Ill. App. 3d 816, 484 N.E.2d 790.) We therefore find that the trial court was in error in denying defendant's motion to dismiss. Accordingly, we reverse the judgment of the circuit court and vacate the convictions.

Because of our ruling on this issue, we need not address the defendant's contention that entry of judgment on both aggravated criminal sexual assault and criminal sexual assault was improper under the lesser included offense rule, a point which the State concedes.

The judgment of the Peoria County circuit court is reversed.

Reversed.

STOUDER and SLATER, JJ., concur.